## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James A. Simon, | Case No. 16-cv-00704-ADM-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons, | |
| Defendant. | |

James A. Simon, 1922 Simon Road, Huntertown, IN 46748, pro se

Bahram Samie, Esq., Assistant United States Attorney, counsel for defendant

## INTRODUCTION

In this action, plaintiff James Simon seeks a court order compelling the Federal Bureau of Prisons ("the BOP") to produce information responsive to his requests under the Freedom of Information Act ("FOIA"). (*See* Compl. at 6, Prayer for Relief, ECF No. 1.) He asserts that the BOP did not respond to his FOIA request in a timely manner as required by the statute. (*Id.* ¶¶ 8, 13, 14-16.) The BOP has moved to dismiss the case for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). (ECF No. 16.) Essentially, the BOP argues that, because it has now responded to the FOIA request, this case is now moot and the court lacks subject-matter jurisdiction. (BOP's Mem. at 1, ECF No. 19.)

## BACKGROUND

Until quite recently, Mr. Simon was serving a federal sentence at the BOP's Federal Medical Center in Rochester, Minnesota ("FMC Rochester"). (Compl. ¶ 3; Pl.'s Notice of Change of Address, ECF No. 22.) At the time Mr. Simon commenced

this action, he had a projected release date of September 2, 2016. (Compl. ¶ 3.) Toward the end of 2015, the BOP reduced the amount of time it had previously approved Mr. Simon to spend in home confinement at the end of his sentence. (*Id.*) Mr. Simon challenged that reduction in habeas proceedings under 28 U.S.C. § 2241, which the district court ultimately denied. *See Simon v. LaRiva*, No. 16-cv-0146 (ADM/TNL), ECF No. 17 (D. Minn. Apr. 21, 2016) (order denying petition for habeas corpus).[1]

On January 11, 2016, Mr. Simon sent a FOIA request to the BOP seeking access to records relating to the reduction of his approved time for home confinement. The BOP received Mr. Simon's request on February 3, 2016. (Compl. ¶ 5; First Christensen Decl. ¶ 13, ECF No. 17.) Mr. Simon appears to have requested these records for use in his then pending § 2241 habeas proceeding. (*See* Compl. ¶¶ 10-11.)

Specifically, in his FOIA request, Mr. Simon asked the BOP to produce records that:

> (a) relate to or pertain to the late 2015 duration reduction (from six months to three months) of James A. Simon's previously approved six months home confinement, imposed on or around December 2, 2015, including, but not limited to:
>     (i)    correspondence (including email) between and among Rochester FMC's BOP employees,
>     (ii)    correspondence (including email) between and among BOP regional staff above Rochester FMC
>     (iv)    correspondence (including email) between and among BOP national staff, and
>     (v)    correspondence (including email) between and among BOP employees of different levels, or in

---

[1] Mr. Simon brought another § 2241 habeas case on June 13, 2016, and on August 22, 2016, the court denied this second petition as moot due to his release from custody. *Simon v. LaRiva*, No. 0:16-cv-01969-ADM-KMM, ECF No. 37 (D. Minn. Aug. 3, 2016) (order adopting report and recommendation).

>    different organizations, of the BOP (including that of, but not limited to CSM's Dr. Denny, and the RRM associated with the regional office over/above Rochester FMC).
>    (b) policies, directives advisories, and/or observations applying or relating to reducing or containing medical costs associated with inmates confined in community facilities.
>    (c) policies, directives advisories, and/or observations applying or relating to the duration of community confinement.
>    (d) are sufficient to identify (hopefully all) the cases in which an inmate medical condition impacted upon the duration determination (and/or alteration of a previous duration determination) of inmate's community confinement under the Second Chance Act.

(Compl., Ex. A at 1, ECF No. 1-1.)

In his March 13, 2016 complaint, Mr. Simon asserted that the BOP had "failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of his right to appeal any adverse determination to the head of the agency." (Compl. ¶ 9.) Further, he alleged that the BOP had not "produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production." (*Id.*) Because he alleged that the BOP had not complied within the time limit established by 5 U.S.C. § 552(a)(6)(A), Mr. Simon asserted that he was "deemed to have exhausted any and all administrative remedies with respect to his FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C)." (*Id.* ¶ 13.)

When the BOP's North Central Regional Office ("NCRO") received Mr. Simon's FOIA request, the NCRO assigned it Request No. 2016-02303. (First Christensen Decl. ¶ 14.) On February 5, 2016, the BOP sent Mr. Simon a letter acknowledging that it had received his FOIA request, and that it had classified the request as complex. This classification meant that it would take longer to process Mr. Simon's request than the 20-day period set forth in FOIA. (*Id.*; Compl., Ex. B.) Yhe BOP informed him that it would take up to nine months to process his request

3

due to the voluminous records that were at issue and the involvement of at least one other agency. (*Id.* at 2.)

Mr. Simon later narrowed the scope of his request due to the voluminous records implicated. (First Christensen Decl. ¶¶ 18-20.) For example, he asked the BOP to focus on producing records concerning inmates at FMC Rochester (as opposed to BOP-wide records) and clarified that he did not seek individual medical records concerning other inmates. (*Id.* ¶¶ 19-20.)

The BOP ultimately determined that 158 pages of records could be released in full to Mr. Simon, that 66 pages of records could be released in part, and that 22 pages of records would be withheld in full. (First Christensen Decl. ¶¶ 27-34.) In a June 30, 2016 letter to Mr. Simon, the BOP explained that it would be releasing certain information and withholding other responsive information under specific FOIA exemptions. (*Id.* & Ex. C.) Mr. Simon acknowledges that the BOP has produced records in response to his request. (Pl.'s Mem. at 1 ("The BOP has now finally responded to Simon's FOIA request.").)

Mr. Simon appealed the BOP's response to the BOP's Office of Information Policy ("OIP"). (Letter from James Simon to OIP (July 7, 2016), ECF No. 27.) He asked OIP to review whether the BOP conducted an adequate search, properly applied the exemption under 5 U.S.C. § 552(b)(5),[2] and properly withheld the 22 pages of unproduced records. (*Id.*) With this background in mind, the court now addresses the BOP's motion to dismiss for lack of subject-matter jurisdiction.

---

[2] "Exemption 5 permits an agency to withhold 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.'" *Gavin v. U.S. S.E.C.*, No. 04-4522 (PAM/JSM), 2005 WL 2739293, at *5 (D. Minn. Oct. 24, 2005) (quoting 5 U.S.C. § 552(b)(5)).

## LEGAL STANDARD

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court may consider a facial challenge based on the allegations in the plaintiff's complaint or a factual challenge based on a record developed on the specific issue of jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). "When a district court engages in a factual review, it inquires into and resolves factual disputes." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002). To resolve those factual disputes, "the court may receive competent evidence such as affidavits, deposition testimony, and the like . . . ." *Titus v. Sullivan*, 4 F.3d 590, 593 & n.1 (8th Cir. 1993). Here, the BOP and Mr. Simon have submitted evidence outside the pleadings regarding the court's jurisdiction. The court will consider this evidence in determining whether subject-matter jurisdiction exists.

## DISCUSSION

As noted above, the BOP contends that the court lacks subject-matter jurisdiction because its production of records responsive to Mr. Simon's FOIA request has rendered this case moot. It asserts that Mr. Simon's complaint challenges the timeliness of the BOP's response to his FOIA request. Further, the BOP argues that because Mr. Simon was deemed to have exhausted his administrative remedies with respect to the timeliness of the BOP's response to his FOIA request, he cannot now obtain judicial review of the adequacy of the BOP's ultimate compliance with its statutory production obligations in this action. (Def.'s Mem. at 9-11.) Mr. Simon asserts that his case is not moot because he has appealed to the OIP to challenge the sufficiency of the BOP's production. (Pl.'s Resp., ECF No. 25; Pl.'s Mem. at 1-2.)

*Mootness doctrine*

Under Article III of the United States Constitution, the judicial power of the United States extends only to cases and controversies. *See* U.S. Const., art. III, § 2, cl. 1. Thus, "Article III . . . limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (alteration in original)). "'In FOIA cases, mootness occurs when requested documents have already been produced.'" *Urban v. U.S.*, 72 F.3d 94, 95 (8th Cir. 1995) (quoting *In re Wade*, 969 F.2d 241, 248 (7th Cir. 1992)).

In a FOIA action challenging an agency's failure to comply with statutory deadlines established in 5 U.S.C. §§ 552(a)(6)(A) or 552(a)(6)(B), if the agency produces records after a complaint is filed, the plaintiff's lawsuit is rendered moot. *See Heide v. LaHood*, 406 Fed. App'x 83 (8th Cir. 2010) (per curiam) (citing *Voinche v. Fed. Bureau of Investigation*, 999 F.2d 962, 963-64 (5th Cir. 1993)); *Calhoun v. Fed. Bureau of Investigation*, 546 Fed. App'x 487, 490 (5th Cir. 2013); *United Transp. Union Local 418, Burlington Sys. Div. of the Bhd. of Maint. of Way Employees v. Boardman* ("*Boardman*"), No. C07-4100-MWB, 2008 WL 2600176, at *8-9 (N.D. Iowa June 24, 2008). These cases distinguish between FOIA complaints alleging that the agency failed to meet the time constraints under those subsections and complaints that allege the agency produced records, but did so inadequately. *See Voinche*, 999 F.2d at 963-64 (stating that in a case challenging the timeliness of the agency's response "the issue is not whether the requestor should have ultimate access to the records[; rather, the] issue is under what time constraints administrative agencies should be compelled to act by the court at the behest of the requester"). Thus, where the agency subsequently produces records in

response to the request, the timeliness claim is rendered moot and a FOIA plaintiff must make additional efforts to exhaust any available remedies to challenge the ultimate adequacy of the response before bringing a federal lawsuit as to that issue. *Boardman*, 2008 WL 2600176, at *8-9 (dismissing a timeliness claim as moot based on subsequent agency production and stating, with respect to the adequacy challenge, that the "remedy in such a case is to administratively appeal the agency's FOIA response, and upon final agency action, Plaintiffs may then appeal for judicial review").

### *Mr. Simon's Timeliness Claim*

In Mr. Simon's complaint, he first alleged that the BOP had not responded to his request for records in the statutory timeframe established by FOIA. (Compl. ¶ 13 (citing 5 U.S.C. § 552(a)(6)(A)).) Mr. Simon's invocation of 5 U.S.C. § 552(a)(6)(C) reinforces that the nature of his claim in this case is a timeliness challenge. Indeed, considering that the BOP had not produced any records at the time Mr. Simon filed this case, it is difficult to conceive of his lawsuit as raising any other judicial claim authorized by FOIA. Thus, to the extent Mr. Simon's complaint challenges the timeliness of the BOP's response, the BOP's production of documents on June 30, 2016 in response to Mr. Simon's FOIA request has rendered moot his claim under 5 U.S.C. § 552(a)(6)(A). Accordingly, the timeliness claim should be dismissed. *See Heide*, 406 Fed. App'x at 83 (affirming dismissal of timeliness claim where agency produced records after filing of complaint); *Voinche*, 999 F.2d at 963-64 (same).

### *Mr. Simon's Adequacy-of-Responses Claim.*

Mr. Simon also appears to challenge the sufficiency of the BOP's disclosure, although his complaint was filed well before that disclosure was made. In his complaint, Mr. Simon asserted that the BOP was unlawfully withholding records and sought an injunction prohibiting the BOP from continuing to do so. (*See* Compl. ¶¶ 9, 15-16; *id.* at 6, Prayer for Relief.) It is possible to read his complaint as raising

7

the issue of his ultimate entitlement to have access to records, which the BOP did not produce until June 30, 2016. After this case commenced and the BOP produced records, Mr. Simon appealed the BOP's response to the OIP. He asked the OIP to review the BOP's decision to withhold certain records under specific FOIA exemptions. However, given that the BOP did not produce records until well after Mr. Simon filed his complaint in March 2016, it is a stretch to construe his complaint as raising an anticipatory FOIA claim that the BOP unlawfully withheld responsive information under those exemptions. Therefore, any claim of the inadequacy of the BOP's disclosure is not properly before the court.

However, even if Mr. Simon's complaint could be read to have raised this issue, dismissal is nonetheless the proper remedy. Because there is an administrative appeal currently pending with the OIP concerning the adequacy of the BOP's responses, regardless of how the court construes Mr. Simon's complaint, it is clear that Mr. Simon has failed to exhaust his administrative remedies with respect to any such claim. That failure to exhaust precludes judicial review.

To hold otherwise would allow a plaintiff to bring a lawsuit challenging the adequacy of an agency's response before giving the agency the first opportunity to determine if FOIA has been properly applied. That interpretation would read the exhaustion requirement out of the statute. This does not mean that Mr. Simon, or a plaintiff facing similar circumstances, is foreclosed from eventually obtaining judicial review of a final decision of the responding agency. Rather, it means that the requester must first allow the agency's process for reviewing the adequacy of its FOIA response to play out before the requester may bring a lawsuit challenging the ultimate decision concerning access to the agency's records. *See Boardman*, 2008 WL 2600176, at *9 (explaining that a FOIA requester's remedy for allegedly inadequate production in a timeliness case that is rendered moot by delayed production is to administratively

appeal the agency's FOIA response, and then seek judicial review once the agency reaches its final decision).

### *Request for Attorney's Fees*

Mr. Simon also asserts that he is "entitled to reimbursement of fees." (Pl.'s Mem. at 2.) FOIA contains a provision governing the award of attorney's fees, which provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E)(i).

Here, there is no real dispute between the parties that Mr. Simon cannot recover attorney's fees because he has litigated this case pro se. *See Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979) (per curiam) (concluding that, because a pro se litigant had no relationship with an attorney representing him, the district court properly denied his application for attorney's fees); *Coolman v. Internal Revenue Service*, 1999 WL 675319, at *7 (W.D. Mo. July 12, 1999) ("However, since plaintiff is a pro se litigant, he may not recover attorney fees under the FOIA.") (citing *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986), and *DeBold v. Stimson*, 735 F.2d 1037, 1041, 1041 n.2 (7th Cir. 1984). Accordingly, the court concludes that Mr. Simon cannot recover attorney's fees in this case because he is a pro se litigant.

### *Request for Reimbursement of Litigation Costs*

That conclusion, however, does not answer the question whether Mr. Simon is entitled to an award of costs. In its reply, the BOP asserts that "Plaintiff's request for attorney's fees and costs . . . do not prohibit the court from finding plaintiff's underlying claims moot, since such requests are separate from the merits of the action." (BOP Reply at 3, ECF No. 29.)

9

To support this proposition, the BOP cites the Eighth Circuit's decision in *Heide*. The court in *Heide*, which affirmed dismissal of a FOIA claim as moot based on the agency's production and his request for costs, also concluded that "the district court did not abuse its discretion in denying [the plaintiff's request for reimbursement of] costs." 406 Fed. App'x at 83. Before the appeal in *Heide*, at the district court, the pro se plaintiff made a request for costs, specifically to recover the $350 filing fee he paid. The district court denied that request because the plaintiff was not a prevailing party. *Heide v. LaHood*, No. 0:10-cv-00061-ADM-JJK, ECF No. 47, Tr. at 31:19-22 (D. Minn. June 3, 2010). The Eighth Circuit's decision in *Heide* does not mean that when a FOIA case is rendered moot by an agency's subsequent production of information, the federal court must also reject any request for costs. Rather, the question of entitlement to costs is a separate question the court may also address.

As it concerns Mr. Simon's claimed entitlement to "other litigation costs," the question here is whether Mr. Simon has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Among other provisions, Congress amended § 552(a)(4)(E) through passage of the OPEN Government Act of 2007. Subparagraph (E) now provides that:

> For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—
> (I) a judicial order, or other enforceable written agreement or consent decree; or
> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E)(ii).³  Here, Mr. Simon has not obtained a judicial order or entered some other enforceable written agreement or consent decree to obtain relief. Thus, he has not substantially prevailed under § 552(a)(4)(E)(i)(I).

But as the statute makes clear, to substantially prevail in a FOIA case "do[es] not require the claimant to receive a favorable judgment." *Gavin v. U.S. S.E.C.*, No. 04-cv-4522-PAM-JSM, 2007 WL 2454156, at *13 (D. Minn. Aug. 23, 2007) (citing *Ginter v. IRS*, 648 F.2d 469, 470 (8th Cir. 1981)).  "However, if the plaintiff does not receive a favorable judgment, then he must establish two elements: (1) that the prosecution of the action could reasonably be regarded as necessary to obtain the information, and (2) that the litigation caused the release of the information." *Id.*, 2007 WL 2454156, at *14 (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985)).  This is known as the "catalyst theory," which the OPEN Government Act definitively established to determine whether a party is eligible for an award of fees or costs under FOIA.  *See Zarcon, Inc. v. N.L.R.B.*, 578 F.3d 892, 894 (8th Cir. 2009) ("This subsection [§ 552(a)(4)(E)(ii)(II)] definitively established that the 'catalyst theory' applies to the recovery of attorney's fees under FOIA.").

In support of his request for the court to assess costs against the BOP, Mr. Simon argues that, absent his lawsuit, the BOP had not even provided a date by which it would respond, and hand not conducted an adequate search.  (Pl.'s Mem. at 2.)  The record does not support Mr. Simon's claim that the filing of his lawsuit was the catalyst for the BOP's production of records in response to his FOIA request.

---

³     In a FOIA action brought by a federal prisoner where the BOP produced records after suit was filed, the District Court for the District of Columbia rejected the plaintiff's application for fees and costs as "insubstantial" because he sought the release of "information intended for his personal use only." *Jacobs v. Fed. Bureau of Prisons*, 779 F. Supp. 2d 76, 79 (D.D.C. 2011).  The court does not reach this issue here because it concludes that Mr. Simon has not substantially prevailed and is therefore not eligible to recover costs.

Instead, the record before the court establishes that the BOP replied in a timely fashion once Mr. Simon narrowed his request to make it more manageable. The timing of the BOP's production, after Mr. Simon filed suit, is certainly relevant to the question of causation, but that timing alone is not enough to establish that the litigation caused the release of information. *See Dorsen v. United States Sec. & Exch. Comm'n*, 15 F. Supp. 3d 112, 118 (D.D.C. 2014) ("[T]he mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation.") (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1495 (D.C. Cir. 1984)). Here, Mr. Simon has not shown that "his vigorous prosecution of this lawsuit compelled [the BOP] to take his request seriously." *See Miller*, 779 F.2d at 1390. Rather, Mr. Simon's modification of his requests, which significantly narrowed the universe of responsive information, and his clarification of the specific records he wished to receive facilitated the BOP's production. *See Contreras v. U.S. Dep't of Justice*, 729 F. Supp. 2d 167, 170-71 (D.D.C. 2010) (rejecting a claim for recovery of filing fees and costs by a pro se plaintiff in part because his FOIA request "was immensely broad" and the responding agency was not required to conduct a search "so broad as to be unduly burdensome"). In sum, Mr. Simon has not established that he substantially prevailed in this litigation, he is ineligible for recovery of costs, and his claim to recover costs should be denied.

## Recommendation

For the reasons stated above, the court makes the following recommendations:

1. The BOP's motion to dismiss for lack of jurisdiction (ECF No. 16) should be **GRANTED** because Plaintiff's claim that the BOP failed to comply with 5 U.S.C. § 552(a)(6)(A) is moot. This action should be **DISMISSED**.
2. Plaintiff's request for recovery of attorney's fees should be **DENIED** because he is not eligible to recover fees as a pro se litigant.

3. Plaintiff's request for recovery of costs should be **DENIED**. He is not eligible to recover costs because he has not "substantially prevailed" within the meaning of 5 U.S.C. § 552(a)(4)(E).

Date: August 29, 2016

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.